IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EILEEN G. GARCIA,**

   **Plaintiff,**

**vs.**                                                                                              **CIV. No. 03-962 JC/LFG**

**SCIENTIFIC RESEARCH CORPORATION, INC.**

   **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, filed September 12, 2003 (*Doc. 6*). Having reviewed the motion, memoranda, and all relevant authority, the Court being fully advised, finds the motion not well-taken, and it is therefore denied.

**I.   Background**

Plaintiff, Eileen Garcia filed this lawsuit in New Mexico state court alleging that Defendant Scientific Research Corporation ("SRC") violated the New Mexico Human Rights Act ("NMHRA"), NMSA 1978 §§ 28-1-1 *et seq.,* and New Mexico common law. On August 18, 2003, Defendant SRC removed this action to the United States District Court for the District of New Mexico, basing jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332.

**II.   Analysis**

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564,

566 (9th Cir.1992) (citation omitted). The removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing that the amount in controversy exceeds $75,000.00. *Laughlin*, 50 F.3d at 873.

The amount in controversy for diversity jurisdiction "is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Id*. Although there is a presumption against removal, the moving party must only demonstrate via a preponderance of the evidence that the jurisdictional amount in controversy more likely than not exceeds $75,000. *Hanna v. Miller*, 163 F. Supp.2d 1302, 1305 (D.N.M.2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

In the present case, Plaintiff asserts that Defendant has not adequately demonstrated that her claim meets the $75,000 jurisdictional prerequisite. In support of her assertion Plaintiff states:

> [e]ven a generous calculation of the value of those economic damages would not surpass $25,000. There is no front pay damages available in this matter. SRC has not provided the Court with any reasonable basis to believe the jurisdictional amount of $75,000 can be reached.

*See* Memorandum in Support of Plaintiff's Motion to Remand (Pl.'s Memo.), filed Sept. 12, 2003, 2 (*Doc. 7*).

Due to this assertion, Defendant offered to consent to remand if Plaintiff would stipulate that the damage award would not be greater than $75,000. Plaintiff, however, refused to so stipulate. *See* Scientific Research Corporation's Response in Opposition to Plaintiff's Motion to Remand, Ex. C, filed Sept. 26, 2003 (*Doc. 10*). Although Plaintiff's assertions regarding her amount of damages unequivocally state that they are less than the necessary $75,000, the Court briefly will review Defendant's claims that Plaintiff's damages exceed $75,000.

Defendant explicitly delineates the possible damages Plaintiff could seek should the case go to trial. Initially, Plaintiff's Memorandum states that she is merely seeking three months of lost wages. *See* Pl.'s Memo, at 2. Based upon Defendant's calculation of Plaintiff's yearly salary and benefits totaling $74,864.34, three months lost wages is $18,716.10.[1] Yet, Plaintiff also seeks damages from SRC based on alleged retaliation against Plaintiff under the NMHRA. Moreover, Plaintiff seeks attorney fees and costs. Finally, Plaintiff has never claimed that she seeks less than $75,000 for her allegations of mental and emotional distress, psychological distress, loss of enjoyment of life, and her claim for punitive or exemplary damages. Defendant's tabulation, based upon these damages claims in Plaintiff's Complaint and memorandum, clearly demonstrates by a preponderance of the evidence that Plaintiff's damages exceed $75,000.[2] The Court, therefore, finds that the case is properly before the federal court based on diversity jurisdiction.[3]

## IV.   Conclusion

As Defendant argues, Plaintiff is clearly seeking damages in excess of $75,000. The Court therefore finds that it has jurisdiction to hear this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Wherefore,

---

[1] Plaintiff does not contest Defendant's calculation of her salary and benefits.

[2] Plaintiff does not dispute that there is complete diversity.

[3] Plaintiff also seems to assert that because she did not file any Title VII claim, this Court does not have jurisdiction. "This court cannot entertain jurisdiction under these facts and SRC cannot 'backdoor' federal court jurisdiction through a removal action." Pl.'s Memo at 3. Plaintiff's statement indicates that she fails to comprehend federal court jurisdiction. A federal court's jurisdiction is limited, whether a case is originally filed or removed to federal court, such that it may only hear cases that present a federal question or if there is diversity. In the present case, Defendant has clearly demonstrated the requisite elements for federal court jurisdiction based on diversity.

IT IS ORDERED that Plaintiff's Motion to Remand, filed September 12, 2003 (*Doc. 6*) is DENIED.

DATED November 26, 2003.

                                                       _/s/ John Edwards Conway_
                                                 SENIOR UNITED STATES DISTRICT JUDGE